PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
WALMART INC., WAL-MART ASSOCIATES, INC.,
and WAL-MART STORES, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEARL POWELL, CHRISTINA GAST and ELIJHA GONZALEZ, as individuals and on behalf of all others similarly situted,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. TBD '20 CV 2412 BEN LL<br><br>**DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Paloma Peracchio and Laura Kish in Support of Removal and Certificate of Service]*<br><br>Complaint Filed: September 29, 2020<br>Trial Date:     None Set<br>District Judge:    Not Yet Assigned<br>Magistrate Judge: Not Yet Assigned |

1  **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
2  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS DEARL POWELL,
3  CHRISTINA GAST AND ELIJHA GONZALEZ AND THEIR ATTORNEYS
4  OF RECORD:**

5      PLEASE TAKE NOTICE THAT defendants, WALMART INC., WAL-MART
6 ASSOCIATES, INC., and WAL-MART STORES, INC. ("Walmart" or "Defendant"),
7 by and through the undersigned counsel, hereby remove the above-entitled action from
8 the Superior Court of the State of California for the County of San Diego to the United
9 States District Court for the Southern District of California pursuant to 28 U.S.C.
10 Sections 1332, 1441(a) and 1446.  Removal is proper for the reasons explained below.

## TIMELINESS OF REMOVAL

12     1.    Plaintiffs Dearl Powell, Christina Gast, and Elijha Gonzales (together,
13 "Plaintiffs") filed a putative Class Action Complaint ("Complaint") against Walmart
14 on September 20, 2020. *See* Declaration of Paloma Peracchio ("Peracchio Decl."),
15 Exhibit A.  The Complaint was deemed served on Walmart by execution of a Notice
16 and Acknowledgement of Receipt by Walmart's counsel of record on November 10,
17 2020. (*Id*.)  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of any and all
18 process, pleadings, and orders served upon Walmart are attached as Exhibit A to the
19 Declaration of Paloma Peracchio, filed concurrently herewith.  This notice of removal
20 is timely pursuant to 28 U.S.C. § 1446(b) because Walmart has removed this action
21 within 30 days of being served.

## GROUNDS FOR REMOVAL

23     2.    Defendant is authorized to remove this action to this Court pursuant to
24 the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711
25 ("CAFA") since Plaintiffs have filed a class action complaint where the amount in
26 controversy exceeds five million dollars and Defendant is a citizen of a state different
27 from Plaintiffs.
28 / / /

1     Case No.  TBD
DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART
STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

45247869_1.docx

### A. Plaintiffs Bring This Case as a Class Action Against Defendants

3. Plaintiffs' Complaint is titled "CLASS ACTION COMPLAINT." (*See* Complaint, Caption.)

4. Plaintiffs' Complaint alleges that "Plaintiffs seek class certification, pursuant to California Code of Civil Procedure §382," and defines the putative class as follows "[a]ll non-exempt California employees whose employment ended, either voluntarily or involuntarily, at any time during the period of time from April 6, 2017, through the present, and who during their employment with Walmart, were paid sick pay during the same time period in which he/she earned non-discretionary incentive wages including, but not limited to, "MYSHARE INCT" (the "Sick Pay Class")." (Complaint ¶ 16.)

5. Plaintiffs' Complaint alleges that it "challenges systematic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants." (Complaint ¶ 2.)

6. Plaintiffs' Complaint brings one cause of action[1] on behalf of the putative class for Violation of Labor Code §§ 201-203 (which require timely payment of wages to employees upon termination of their employment, and provide for an award of "waiting time" penalties for failure to do so). (*Id*. ¶¶ 27-31.)

7. Defendant denies any liability in this case, as to Plaintiffs' individual and class claims, and will present compelling defenses to these claims on the merits. Defendant intends to oppose class certification. Defendant expressly reserves all rights in this regard. However, for purposes of the jurisdictional requirements for removal only, Defendant notes that, as set forth in more detail below, the allegations in Plaintiffs' Complaint that they seek to represent a subcategory of all California citizens employed by Walmart as hourly-paid non-exempt retail store employees

---

[1] The caption of the Complaint refers to a second cause of action for Labor Code Section 226, however there is no reference to any such claim in the body of the Complaint.

(excluding Distribution Centers, Fulfillment Centers and Warehouses), puts in controversy an amount that exceeds $5 million.  See 28 U.S.C. § 1332(d)(6).

### B. There Are More than 100 Members in the Proposed Class

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), the action involves a putative class of at least 100 persons.  Plaintiffs allege that this action is brought on behalf of all California citizens employed by Walmart as all former hourly-paid non-exempt retail store employees who were terminated between April 6, 2017 and the present, and who were paid sick pay and non-discretionary wages in the same pay period.  (Complaint ¶ 16.)  Plaintiff Dearl Powell was employed by Walmart as an hourly associate from September 12, 2018 until January 15, 2020. (Declaration of Laura Kish ["Kish Decl."], ¶ 4.)  Plaintiff Christina Gast was employed by Walmart as an hourly associate from June 23, 1998 until January 2, 2020. (*Id*., ¶ 5.) Plaintiff Elijha Gonzales was employed by Walmart as an hourly associate from March 11, 2017 until February 17, 2020. (*Id*., ¶ 6.) During the time period of August 1, 2017 to November 10, 2020, there were 116,651 hourly associates whose employment with Walmart ended in that period. (*Id*., ¶ 9.) Of those associates, approximately 30,165 used Paid Sick Leave (PTO for "sick" or "family" reasons) during that period. (*Id*.) Of those terminated associates, 46,210 (or 39.6%) received a quarterly "MyShare Incentive" bonus during that period. (*Id*.) Even very conservatively estimating (for purposes of removal only) that 20% of the associates who used paid sick leave during their employment did so in the same quarter in which they had been paid a "MyShare Incentive" bonus, this puts the number of members of Plaintiffs' proposed class at 6,033 associates, which is well over 100 members.

### C. Defendant is a Citizen of a Different State Than Plaintiffs

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), a member of the class is a citizen of a state different from any defendant.  See 28 U.S.C. § 1332(d)(2)(A).

10. A person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

11. Plaintiff Dearl Powell's employment with Walmart ended on January 15, 2020 – at which time he was working at the Walmart retail store in Oceanside, California. (Complaint, ¶ 5; Kish Decl., ¶ 4.) Plaintiff Powell's last known address on file in Walmart's personnel records is in Escondido, California. (*Id.*) As such, Plaintiff Powell is a citizen of California.

12. Plaintiff Christina Gast's employment with Walmart ended on Janaury 2, 2020 – at which time she was working at the Walmart retail store in Glendora, California. (Kish Decl, ¶ 5.) Plaintiff Gast's last known address on file in Walmart's personnel records is in San Dimas, California. (*Id.*) As such, Plaintiff Gast is a citizen of California.

13. Plaintiff Elijha Gonzales' employment with Walmart ended on February 17, 2020 – at which time he was working at the Walmart retail store in Fresno, California. (Kish Decl., ¶ 6.) Plaintiff Gonzales' last known address on file in Walmart's personnel records is in Fresno, California. (*Id.*) As such, Plaintiff Gonzales is a citizen of California.

14. Additionally, the putative class is limited to "California employees[.]" (Complaint, ¶ 16.) The putative class members are California citizens.

15. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Wal-Mart Associates, Inc. is a wholly-owned subsidiary of Walmart Inc., which was formerly known as Wal-Mart Stores, Inc. (Kish Decl. ¶ 3.) Walmart Inc. and Wal-Mart Associates, Inc. are incorporated in the State of Delaware and both have their principal place of business in Bentonville, Arkansas. (*Id.* ¶ 3; Peracchio Decl. ¶¶ 5, 6.)

16. Defendant's "principal place of business," which the Supreme Court has

interpreted to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); 28 U.S.C. § 1332(c)(1)) is Bentonville, Arkansas. Thus, Defendant is a citizen of Delaware and Arkansas – not California, and there is accordingly minimal jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A); *Hertz*, 130 S. Ct. at 1192; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011).

### D. The Amount in Controversy Exceeds $5 Million

17. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because, in addition to the other requirements of § 1332(d), the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

#### *(a) Waiting Time Penalties (Labor Code Section 203)*

18. Plaintiffs allege that "Labor Code §246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." (Complaint, ¶ 29.) Plaintiffs allege that "Defendants violated Labor Code § 246 by failing to pay sick pay at the regular rate of pay. Plaintiffs and Class members routinely earned non-discretionary incentive wages, such as MYSHARE INCT wages, which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for Plaintiffs and Class Members, as opposed to the correct, higher rate of pay, as required under Labor Code §246." (Complaint, ¶ 30.) Plaintiffs allege that because Defendants failed to pay Plaintiffs and class members their correct wages, "Plaintiffs and Class Members whose employment has separated are entitled to waiting time penalties pursuant to Labor Code §§201-203." (Complaint, ¶ 31.)

19. Labor Code Section 201 states, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code Section 202 states, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her

1  employment, his or her wages shall become due and payable not later than 72 hours
2  thereafter[.]"

3  20. Labor Code Section 203 provides for a "waiting time penalty" to the
4  employee when the employer fails to timely pay the employee at termination or
5  resignation of 30 days of pay to the employee. The statute of limitations for
6  penalties under Section 203 is three years. *See* Cal. Code of Civ. Proc. § 338(a).

7  21. Defendant denies that any such violations occurred or that compensation
8  is owed to Plaintiffs or putative class members. However, for purposes of this
9  jurisdictional analysis *only*, Defendant relies on Plaintiffs' allegation that violations
10 occurred and compensation is owed. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d
11 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look
12 to the complaint."); *Heejin Lim v. Helio, LLC*, No. CV 11-9183 PSG, 2012 WL
13 359304, at *2 (C.D. Cal. Feb. 2, 2012) ("The ultimate inquiry is, therefore, what
14 amount is put 'in controversy' by the plaintiff's complaint or other papers, not what
15 the defendant will actually owe for the action number of violations that occurred, if
16 any.") (citations omitted).

17 22. The total number of associates who stopped working at a Walmart retail
18 store between August 1, 2017 and November 10, 2020 is 116,651. (Kish Decl., ¶ 9.)
19 Of those associates, 46,210 (or 39.6%) received a "MyShare Incentive" bonus during
20 that time period. (*Id*.) MyShare Incentive bonuses are awarded to associates
21 quarterly, based on store performance goals and various criteria specific to the
22 associate. (*Id*.) Of the associates who stopped working at a Walmart retail store
23 between August 1, 2017 and November 10, 2020, 30,165 used Paid Sick Leave hours
24 during their employment (Paid Time Off allocated to "sick" or "family" reasons).
25 (*Id*.) Based on these numbers, Walmart very conservatively estimates the number of
26 putative class members (hourly employees who used Paid Sick Leave and who were
27 paid a MyShare Incentive bonus in the 90 day period preceding the use of sick leave)
28 as **6,033** (very conservatively assuming 20% of the associates who used Paid Sick

Leave did so at some point in the same quarter that they received a MyShare Incentive bonus).

23. Accordingly, based on the allegations in the Complaint, every putative class member is entitled to 30 days' continuation of wages as a penalty under Labor Code Section 203. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4-6 (N.D. Cal. 203) ("As to waiting time claims, the court finds that Defendants' calculations" of 30 days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiff's allegations and are a reasonable estimate of the potential value of the claims.") However, for purposes of removal, Defendant will conservatively estimate that average shifts were only four hours long. Further, for purposes of removal, Walmart will conservatively assume that the average rate of pay is the lowest applicable minimum wage during the class period, *i.e.*, $10.50 per hour.[2]

24. Thus, according to Plaintiffs' allegation that all hourly employees who were terminated in the class period and who received paid sick leave pay without their MyShare Incentive bonus used in calculating the rate of pay, Plaintiff contends that the putative class members are entitled to recover at least **$7,601,580** ($10.50 minimum wage x 4-hour work day x 30 days waiting time penalty x 6,033 putative class members).

### (b) *Attorneys' Fees*

25. Plaintiffs' Complaint requests attorneys' fees, pursuant to Labor Code Section 218.5 and Code of Civil Procedure Section 1021.5. (Complaint, ¶ 25; Prayer for Relief.)

26. Under Ninth Circuit precedent, 25% of the common fund is generally used as a benchmark for an award of attorney fees. *See Hanlon v. Chrysler Corp.*, 150

---

[2] The minimum wage in the State of California in 2017 was $10.50 per hour. See https://www.dir.ca.gov/iwc/minimumwagehistory.htm

F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 U.S. Dist. LEXIS 17119, at *15 (S.D. Cal., Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'") (citations omitted).  Here, Defendant has shown that the claimed amount in controversy is at least **$7,601,580,** and Plaintiffs have not indicated that they will seek less than 25% of a common fund in attorneys' fees. (*See generally* Complaint, Prayer for Relief.)  Although Defendant has shown that the amount in controversy absent attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Gugielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Giannini v. Nw. Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendants' inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendants "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'").

27. Defendant denies that attorneys' fees are owed to Plaintiffs or putative class members, and Defendant further reserves the right to contest the application of the 25% benchmark in this case.  However, for purposes of this jurisdictional analysis only, Defendant relies on Plaintiffs' allegations that attorneys' fees are owed. *Guglielmino*, 506 F.3d at 700; *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 579 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

28. Using a 25% benchmark figure for attorneys' fees for Plaintiffs' allegations results in estimated attorneys' fees of **$1,900,395**.

### E. This Removal Satisfies the Procedural Requirements of 28 U.S.C. § 1446

29. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The San Diego County Superior Court is located within the Southern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

30. In accordance with 28 U.S.C. § 1146(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

31. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiffs, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Diego. Notice of Compliance shall be filed promptly afterwards with this Court.

32. As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Certificate of Interested Parties.

### CONCLUSION

33. For the foregoing reasons, Defendant hereby removes the above-entitled action to the United States District Court for the Southern District of California.

DATED: December 10, 2020            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Paloma P. Peracchio
    Paloma P. Peracchio
    Mitchell A. Wrosch

Attorneys for Defendants
WALMART INC., WAL-MART ASSOCIATES, INC., and WAL-MART STORES, INC.