**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEARL POWELL, CHRISTINA GAST, and ELIJHA GONZALEZ, as individuals and on behalf of all others similarly situated,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**09/29/2020** at 03:15:20 PM
Clerk of the Superior Court
By Alma Rhodes, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Diego
330 W. Broadway, San Diego, CA 92101

CASE NUMBER *(Número del Caso):* 37-2020-00035007-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:

Larry W. Lee/Mai Tulyathan, 515 S. Figueroa St., Ste. 1250, Los Angeles, CA 90071, 213-488-6555
B. James Fitzpatrick/Laura Franklin, 555 S. Main St., Salinas, CA 93901, 831-755-1311
Dennis S. Hyun, 515 S. Figueroa St., Ste. 1250, Los Angeles, CA 90071, 213-488-6555

DATE: 10/02/2020
*(Fecha)*

Clerk, by *a. Rhodes* A. Rhodes, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wal-Mart Stores, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Larry W. Lee (State Bar No. 228175)
Mai Tulyathan (State Bar No. 316704)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com
ktulyathan@diversitylaw.com

Attorneys for Plaintiffs and the Class
(Additional Counsel on Next Page)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

09/29/2020 at 03:15:20 PM

Clerk of the Superior Court
By Alma Rhodes, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DEARL POWELL, CHRISTINA GAST, and ELIJHA GONZALEZ, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 37-2020-00035007-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CAL. LABOR CODE § 201-203;**<br><br>**(2) VIOLATION OF CAL. LABOR CODE § 226**<br><br><u>**DEMAND EXCEEDS $25,000.00**</u> |

1

PLAINTIFFS' CLASS ACTION COMPLAINT

**ADDITIONAL COUNSEL FOR PLAINTIFF**

B. James Fitzpatrick, Esq. (SBN: 129056)
bjfitzpatrick@fandslegal.com
Laura Franklin, Esq. (SBN: 282642)
lfranklin@fandslegal.com
**FITZPATRICK & SWANSTON**
555 S. Main Street
Salinas, CA 93901
Telephone: (831) 755-1311
Facsimile: (831) 755-1319

Dennis S. Hyun (State Bar No. 224240)
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Plaintiffs Dearl Powell ("Powell"), Christina Gast ("Gast") and Elijha Gonzalez ("Gonzalez") (collectively, "Plaintiffs") hereby submit this Class Action Complaint ("Complaint") against Defendants Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores, Inc. (collectively, "Defendant," or "Walmart"), and DOES 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a Class of all other similarly situated current and former employees of Defendants for penalties for violations of the California Labor Code, including without limitation, failure to pay employees their sick pay at their regular rate of pay as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 201-203, and 246, and the California Industrial Welfare Commission's ("IWC") Wage Orders.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3. Plaintiffs are informed and believe and based thereon allege that Defendants jointly and severally have acted knowingly and intentionally by failing to provide accurate itemized wage statements identifying all required information, including without limitation, the correct overtime rate, and paying overtime at the correct rate of pay.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the violations of the California Labor Code §§ 201-203, and 246.

5. Venue is proper in San Diego County because Defendants maintain business locations in this County and Plaintiff Dearl Powell worked at Defendants' retail store located in this County.

## PARTIES

6. All Plaintiffs worked for Walmart as non-exempt retail store employees. During Plaintiffs' employment, they were all paid sick pay wages and additional non-discretionary remuneration covering the same pay period, including without limitation, "MYSHARE INCT."

7. Walmart is a global retailer headquartered in Bentonville, Arkansas, with numerous

1  locations throughout the United States, including in San Diego County, California.

2      8.    Plaintiffs were and are victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiffs of the rights guaranteed by California Labor Code §§ 201-203, and 246.

    9.    Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

    10.    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-203, and 246.

    11.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this complaint when the true names and capacities are known.  Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

    12.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

    13.    Plaintiffs are informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co- Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and/or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

16. **Definition:** Plaintiffs seek class certification, pursuant to California Code of Civil Procedure § 382, of the following class:

    a. All non-exempt California employees whose employment ended, either voluntarily or involuntarily, at any time during the period of time from April 6, 2017, through the present, and who during their employment with Walmart, were paid sick pay during the same time period in which he/she earned non-discretionary incentive wages including, but not limited to, "MYSHARE INCT" (the "Sick Pay Class").

17. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of the Defendants records, including payroll records. Plaintiffs are informed and believe and based thereon allege that the Defendants failed to pay employees their sick pay at their regular rate of pay in violation of Labor Code §§ 201-203 and 246.

18. **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the class and the named

5

Plaintiffs.  Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

19. Defendants uniformly administered a corporate policy, practice of failing to pay employees their sick pay at their regular rate of pay in violation of Labor Code §§ 201-203 and 246.

20. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning the Defendants failure to pay employees their sick pay at their regular rate of pay in violation of Labor Code §§ 201-203 and 246.

21. **Typicality:** Plaintiffs' claims are typical of the claims of all members of the Class in that Plaintiffs suffered the harm alleged in this Complaint in a similar and typical manner as the Class members.  Defendants violated Labor Code §§ 201-203 and 246 by failing to pay sick pay at the regular rate of pay.  Specifically, Plaintiff and all members of the class routinely earned non-discretionary incentive wages such as MYSHARE INCT wages and, thus, increased their rates of pay.  However, when sick pay was paid, it was paid at the base rate of pay for Plaintiffs and Class Members, as opposed to the correct, higher regular rate of pay.  Thus, Plaintiffs qualify as Class Members and have suffered the alleged violations of California Labor Code §§ 201-203, and 246.

22. The California Labor Code is broadly remedial in nature and must be construed in favor of worker protection.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

23. The nature of this action and the format of laws available to Plaintiffs and Class Members identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of the individual employees

1 | with Defendants' vastly superior financial and legal resources.  Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

24. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action any and all applicable penalties and/or damages, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, and Code of Civil Procedure § 1021.5.

26. Proof of a common business practice or factual pattern, which the named Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 201-203**

**(AGAINST THE DEFENDANTS AND DOES 1-50 BY PLAINTIFFS AND THE SICK PAY CLASS)**

27. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 26 as though fully set for herein.

28. Labor Code §246(l)(1) requires that nonexempt employees be paid sick time in the

same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

29. Labor Code §246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

30. Defendants violated Labor Code § 246 by failing to pay sick pay at the regular rate of pay. Plaintiffs and Class Members routinely earned non-discretionary incentive wages, such as MYSHARE INCT wages, which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for Plaintiffs and Class Members, as opposed to the correct, higher regular rate of pay, as required under Labor Code §246.

31. As a pattern and practice, Defendants regularly failed to pay Plaintiffs and other members of the Class their correct wages and accordingly owe waiting time penalties pursuant to Labor Code § 203.  Further, Plaintiffs are informed and believe and based thereon allege that such failure to pay sick pay at regular rate was willful, such that Plaintiffs and Class Members whose employment has separated are entitled to waiting time penalties pursuant to Labor Code §§ 201-203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiffs as Class Representatives of the Class as defined herein;

3. For an order appointing counsel for Plaintiffs as Class Counsel;

4. Upon the First Cause of Action, for unpaid wages and/or penalties pursuant to California Labor Code §§ 201-203, and for costs and attorneys' fees pursuant to Labor Code §§ 218.5;

5. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, and Code of Civil Procedure § 1021.5; and

6. For such other and further relief as the Court may deem just and proper.

DATED: September 28, 2020

DIVERSITY LAW GROUP, P.C.

By: _____
Larry W. Lee
Attorneys for PLAINTIFF and the CLASS

PLAINTIFFS' CLASS ACTION COMPLAINT