1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

DEARL POWELL, CHRISTINA
GAST and ELIJHA GONZALEZ, as
individuals and on behalf of all others
similarly situated,

13

Plaintiffs,

14

v.

15

16

17

18

WALMART INC., a Delaware
corporation; WAL-MART
ASSOCIATES, INC., a Delaware
corporation; WAL-MART STORES,
INC., a Delaware corporation,

19

Defendants.

Case No.: 3:20-cv-2412-BEN-LL

**ORDER:**

    **(1) DENYING MOTION TO
        DISMISS;**

    **(2) GRANTING MOTION TO
        STRIKE; AND**

    **(3) DENYING MOTION TO
        REMAND**

**[ECF Nos. 8, 9]**

20

21

22

23

24

25

Before the Court are the (1) Motion to Dismiss and/or Motion to Strike brought by Defendants Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores, Inc. (collectively, "Wal-Mart"), ECF No. 8, and (2) Motion to Remand of Plaintiffs Dearl Powell, Christina Gast, and Elijha Gonzalez's (collectively, "Plaintiffs"), ECF No. 9.  For the following reasons, the Court (1) **DENIES** the Motion to Dismiss, (2) **GRANTS** the Motion to Strike, and (3) **DENIES** the Motion to Remand.

26

**I.     BACKGROUND**

27

28

Plaintiffs are former Wal-Mart employees in California whose employment ceased between April 6, 2017, and the present.  Compl., ECF No. 1-2, 5.  While they were

1

1   employed by Wal-Mart, they were paid sick pay. *Id.* During the same period Plaintiffs

2   earned sick pay, they also earned non-discretionary incentive wages including, but not

3   limited to, "MYSHARE Incentive Pay." *Id.* MYSHARE Incentive Pay is a bonus paid

4   quarterly to some employees based on the employees and their stores meeting certain

5   performance goals. Opp'n, ECF No. 11, 10.   Here, Plaintiffs allege they were not paid

6   adequate sick pay during their employment because their sick pay did not include non-

7   discretionary incentive wages, such as MYSHARE Incentive Pay.  Compl., ECF No. 1-2,

8   8. According to Plaintiffs, Wal-Mart's sick pay policy violates California Labor Code

9   section 246 ("Section 246"). *Id.* They further allege they are owed waiting time

10  penalties consistent with California Labor Code section 203 ("Section 203") because the

11  adequate amount of sick pay was not paid immediately when they left their employment

12  with Wal-Mart. *Id.* Plaintiffs seek to represent a class of similarly situated individuals.

13  *Id.*

14        After removing the case to this Court, Wal-Mart filed a Motion to Dismiss the

15  Complaint, arguing Plaintiffs failed to allege sufficient facts to show Wal-Mart *willfully*

16  failed to pay wages due, and therefore their claim fails as a matter of law. Mot., ECF No.

17  8, 4. Wal-Mart also moved to strike the part of the caption of Plaintiffs' Complaint that

18  referred to a violation of California Labor Code section 226 ("Section 226"), because the

19  Complaint itself contained no facts or argument alleging a violation of this statute. *Id.* at

20  5-6. Plaintiffs responded by opposing the Motion to Dismiss, conceding the Motion to

21  Strike, and moving to remand. Opp'n, ECF No. 12, 7 fn.1; Mot., ECF No. 9. In support

22  of their Motion to Remand, Plaintiffs argue Wal-Mart has not produced sufficient

23  evidence to show the amount in controversy requirement has been met that would

24  establish the Court's subject matter jurisdiction under the Class Action Fairness Act

25  ("CAFA"). Mot., ECF No. 9, 9 (citing 28 U.S.C. § 1332(d)(2)).

26        Because the Parties agree Wal-Mart's Motion to Strike should be granted and the

27  Court is satisfied that the reference to Section 226 is immaterial, *see* Federal Rule of Civil

28  Procedure 12(f), the Court strikes the part of the caption of Plaintiffs' Complaint that

1   refers to a violation of Section 226.  The Court next turns to Wal-Mart's Motion to

2   Dismiss and Plaintiffs' Motion to Remand.

3   ## II.    LEGAL STANDARDS

4   ### A.     *Motion to Dismiss*

5   A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal

6   theory or on the absence of sufficient facts alleged under a cognizable legal theory.

7   *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v.*

8   *Block*, 250 F.3d 729, 732 (9th Cir. 2001).  When considering a Rule 12(b)(6) motion, the

9   court "accept[s] as true facts alleged and draw[s] inferences from them in the light most

10  favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th

11  Cir. 2010).  A plaintiff must not merely allege conceivably unlawful conduct but must

12  allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

13  *v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible 'when the plaintiff

14  pleads factual content that allows the court to draw the reasonable inference that the

15  defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999

16  (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare

17  recitals of the elements of a cause of action, supported by mere conclusory statements, do

18  not suffice." *Iqbal*, 556 U.S. at 678.

19  ### B.     *Motion to Remand*

20  Wal-Mart removed this case under CAFA, which confers jurisdiction to district

21  courts in any civil action where three requirements are met:  "(1) the matter in

22  controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, (2)

23  the proposed class consists of more than 100 members, and (3) any member of the class

24  of plaintiffs is a citizen of a State different from any defendant." *Fritsch v. Swift Transp.*

25  *Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (quoting 28 U.S.C. § 1332(d)(2))

26  (internal quotation marks omitted).  A notice of removal must contain "a short and plain

27  statement of the grounds for removal." 28 U.S.C. Section 1146(a).  Moreover, "no

28  antiremoval presumption attends cases invoking CAFA, which Congress enacted to

3

1  facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin*

2  *Operating Co. v. Owens*, 574 U.S. 81,  89 (2014).

3  **III.   ANALYSIS**

4      **A.   *Motion to Dismiss***

5        Wal-Mart argues Plaintiffs' Complaint does not allege sufficient facts to show

6  Wal-Mart acted willfully in failing to pay all wages due at termination.  Mot., ECF No. 8,

7  4.  Accordingly, Wal-Mart contends that Plaintiffs have failed to plausibly plead an

8  essential element of a violation of Section 203, and therefore the claim should be

9  dismissed.  *Id.*  In response, Plaintiffs argue their Complaint contains sufficient factual

10  detail to allege Wal-Mart has violated Section 203.  Opp'n, ECF No. 12, 14.

11        California requires employers to calculate their non-exempt employees' accrued

12  sick leave pay in the same manner that the employer calculates "the regular rate of pay

13  for the workweek in which the employee uses paid sick leave, whether or not the

14  employee actually works overtime in that workweek."  Cal. Lab. Code § 246(l)(1); *see*

15  *also* Compl., ECF No. 1-2, 8-9.  The rate of sick pay is calculated by dividing the

16  employee's total wages (not including overtime premium pay) by the employee's total

17  hours worked in the full pay periods of the prior 90 days of employment.  Cal. Lab. Code

18  § 246(l)(2); *see also* Compl., ECF No. 1-2, 9.  Willful failure to pay wages of an

19  employee who is discharged or quits can result in a penalty and gives rise to a private

20  cause of action.  Cal. Lab. Code § 203.

21        Here, Plaintiffs contend that sick pay should be considered "wages" for purposes

22  of the California Labor Code.  Opp'n, ECF NO. 12, 11 (citing *Flores v. Dart Container*

23  *Corp.*, Case No. 2:19-cv-00083-WBS-EFB, 2020 WL 2770073, at *1 (E.D. Cal. May 28,

24  2020) (finding "paid sick leave [to be] wages within the meaning of [California Labor

25  Code] Section 200(a).").  Further, they argue Wal-Mart willfully failed to pay sick pay at

26  the proper rate, taking into account MYSHARE incentive pay, and therefore they are

27  entitled to damages.  Compl., ECF No. 1-2, 8.  To support their argument that Wal-

28  Mart's failure was willful, Plaintiffs argue Wal-Mart knows it is not correctly paying sick

1    pay and intends to do what it is doing.  Opp'n, ECF No. 12, 15.

2        The California Court of Appeals has held that the standard for "willful" action by

3    an employer in the context of Section 203 is not high, and the bar is surely met here.  *See*

4    *Diaz v. Grill Concepts Servs., Inc.*, 23 Cal. App. 5th 859, 867 (2018).  In *Diaz*, the

5    California Court of Appeals held that "[t]he failure to pay is willful if the employer

6    'knows what [it] is doing [and] intends to do what [it] is doing.'"  *Id.* at 868 (quoting *In*

7    *re Trombley*, 31 Cal. App. 2d 269, 274 (1948)) (alterations in original).  By contrast, "an

8    employer's failure to pay is not willful if that failure is due to (1) uncertainty in the law . .

9    . [,] (2) representations by the taxing authority that no further payment was required . . .

10   [,] or (3) the employer's good faith mistaken belief that wages are not owed grounded in

11   a good faith dispute, which exists when the employer presents a defense, based in law or

12   fact which, if successful, would preclude any recovery on the part of the employee."  *Id.*

13   (internal quotation marks and citations omitted).  Evaluating the pleadings, such

14   circumstances are not present here and the Court finds that Plaintiffs have plausibly

15   alleged Wal-Mart acted willfully.  Plaintiffs argue this area of law has been settled for

16   thirteen years, negating any possibility that a large employer such as Wal-Mart could

17   argue uncertainty in the law or a good faith belief that it was mistaken.  Opp'n, ECF No.

18   9, 15.  To be sure, Plaintiffs will have to prove willfulness with evidence later in this

19   litigation, but at this point, they have plausibly pleaded the element to survive this Motion

20   to Dismiss.  Accordingly, the Motion to Dismiss is denied.

21        **B.    *Motion to Remand***

22        As required, Wal-Mart filed a notice of removal "containing a short and plain

23   statement of the grounds for removal."  28 U.S.C. Section 1146(a).  Further, the Parties

24   appear to agree, and the Court is satisfied by the evidence, that the proposed class

25   consists of more than 100 members and that CAFA's minimal diversity requirement is

26   satisfied.  As these jurisdictional prongs exist, the Court only addresses Plaintiffs'

27   argument that the amount in controversy requirement is not met.

28        When a defendant removes a case, the "notice of removal need include only a

5

1    plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

2    *Dart Cherokee*, 574 U.S. at 89. From there, "the defendant's amount in controversy

3    allegation should be accepted when not contested by the plaintiff or questioned by the

4    court." *Id.* If, however, the plaintiff contests the amount in controversy, "both sides

5    submit proof and the court decides, by a preponderance of the evidence, whether the

6    amount in controversy requirement has been satisfied." *Id.* at 88 (citing 28 U.S.C. §

7    1446(c)(2)(B)). Here, the Parties dispute whether Wal-Mart has adequately shown the

8    $5,000,000 amount in controversy requirement is met.

9         Wal-Mart argues the amount in controversy is met because it has reviewed its

10   records and relied on "an experienced economist and data analyst to determine the exact

11   number of former associates who received paid sick leave pay within 90 days of

12   receiving a MyShare Incentive award." Opp'n, ECF No. 11, 5. Using this data, Wal-

13   Mart estimates "the amount in controversy on Plaintiffs' waiting time penalties claim is

14   $37,953,720." *Id.* In response, Plaintiffs argue Wal-Mart "made erroneous, unfounded

15   assumptions" about the size and nature of the class in order support CAFA's minimum

16   amount in controversy. Mot, ECF No. 9, 5. They argue Wal-Mart used a class definition

17   in computing an amount in controversy that ignores the requirement that members of the

18   class be paid sick pay *during the same time period* in which he or she earned non-

19   discretionary incentive wages. *Id.* at 5-6.

20        The Court has considered the facts in the removal petition and "summary-

21   judgment-type evidence relevant to the amount in controversy at the time of removal."

22   *Ibarra v. Manheim Invs., Inc.*, 775 1193, 1197 (9th Cir. 2015). Far from conclusory

23   allegations that are "speculative and self-serving assumptions," Wal-Mart has attempted

24   to set forth "summary-judgment-type evidence" supporting its contention the amount in

25   controversy is met. On the other hand, Plaintiffs provide no evidence suggesting what

26   the correct class size or amount in controversy might be. In failing to make such an

27   argument, Plaintiffs ignore a key part of the Supreme Court's holding in *Dart Cherokee*:

28   if Plaintiffs contest the amount in controversy, "*both sides* submit proof and the court

6

3:20-cv-2412-BEN-LL

decides, by a preponderance of the evidence, whether the amount-in-controversy has been satisfied."  574 U.S. at 88.

Based on the evidence before it, the Court concludes that at this time the amount in controversy requirement of CAFA appears to be met.  Therefore, Plaintiffs' Motion to Remand is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Defendant's Motion to Dismiss is **DENIED.**

2.     Defendant's Motion to Strike is **GRANTED.**

3.     Plaintiffs' Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 2, 2021

HON. ROGER T. BENITEZ
United States District Judge

7

3:20-cv-2412-BEN-LL