PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
WALMART INC.; WAL-MART ASSOCIATES, INC.
and WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARL POWELL, CHRISTINA GAST and ELIJHA GONZALEZ, as individuals and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware corporation; WAL-MART STORES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-02412-BEN-LL<br><br>**JOINT RULE 26(F) DISCOVERY PLAN**<br><br>Complaint Filed: September 29, 2020<br>Trial Date: None<br>District Judge: Hon. Roger T. Benitez<br>Courtroom 5A, San Diego<br>Magistrate Judge: Hon. Linda Lopez<br>Courtroom 2B, San Diego |

Plaintiffs Dearl Powell, Christina Gast, and Elijha Gonzalez ("Plaintiffs") and Defendants Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores, Inc. ("Defendants" or "Walmart") (collectively, the "Parties"), by and through their respective counsel and pursuant to Federal Rule of Civil Procedure 26(f), and the Court's February 19, 2021 Notice and Order for Early Neutral Evaluation Conference and Case Management Conference (ECF No. 20), hereby submit the following Joint Discovery Plan.

I. **SERVICE**

Defendants were served with the Complaint on November 10 and 11, 2020. (ECF No. 1-4, ¶ 4.)

II. **AMENDMENT OF PLEADINGS**

Plaintiffs reserve their right to amend the pleadings based on further investigation and discovery. Under Rule 15(b), a "court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b). Likewise, under Rule 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal," *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), and Rule 15(b) also "embodies a liberal policy in favor of allowing pleading amendments at any time during and even after trial." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 804 (9th Cir. 2017) (quoting *Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983)). Thus, Plaintiff believes that a deadline for amendment should not be set at this juncture. In the event that a deadline is set, Plaintiffs propose a deadline of September 27, 2021, which will provide Plaintiffs time to conduct discovery, investigate Defendants' contentions that Plaintiffs have named the incorrect defendant, and to file a motion for leave to amend in the event that leave is necessary.

Defendants believe setting a deadline for amending the pleadings is

appropriate and propose a June 18, 2021 deadline for amending the pleadings.

## III. PROTECTIVE ORDER

The Parties anticipate submitting a proposed protective order to the Court by April 23, 2021.

## IV. PRIVILEGE

The Parties agree that pursuant to Federal Rule of Evidence 502, if any documents subject to a claim of privilege or protection are inadvertently produced, such an inadvertent disclosure shall not operate as a waiver in a Federal or State proceeding, provided the elements of Federal Rule of Evidence 502(b) have been met. The Parties request that the Court include in its Scheduling Order, pursuant to Federal Rules of Evidence 502(d) and 502(e), an order that the privilege or protection is not waived by disclosure connected with the litigation pending before the Court.

When a party inadvertently produces material that is subject to a claim of privilege, the party receiving the material will comply with Federal Rule of Civil Procedure Rule 26(b)(5)(B) and promptly return, sequester, or destroy the specified material and any copies the party has; not use or disclose the information until the claim is resolved; take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party will preserve the information until the claim is resolved.

## V. EVIDENCE PRESERVATION

There are currently no disagreements regarding the preservation of evidence.

## VI. ELECTRONIC DISCOVERY

To the extent Electronically Stored Information is identified as discoverable in this case, the Parties have agreed to cooperate so as to permit for discovery of only properly-focused and tailored searches of such information that is limited to matters relevant to this action. In turn, Defendants anticipate producing such information in a

1 cost-effective manner such as hard copy printouts, PDF files, compact discs, and/or
2 flash drives. Production of ESI shall be limited to searchable PDF, XLS, or TIFF
3 format only, at the choice of the producing party, unless otherwise agreed to by the
4 parties or good cause is demonstrated by the requesting party that an alternate format
5 is required.
6     The Parties do not anticipate the use of third-party vendors for collecting
7 electronically-stored information, including metadata. If a dispute arises with regards
8 to the production of ESI, the Parties reserve the right to seek judicial intervention for
9 resolution of any such dispute.
10     Walmart contends there is no need to preserve nor are the Parties entitled to
11 discovery of electronically stored information that is "not reasonably accessible." *See*
12 Fed. Rule of Civ. Procedure 26(b)(2)(B). ESI that is "not reasonably accessible"
13 includes, but is not limited to, fragmented data, deleted data, and back-up
14 information and tapes. Walmart contends that if "not reasonably accessible" data is
15 sought, then the party requesting the ESI at issue shall bear the costs of the
16 production thereof.
17     In the event that Walmart asserts any future discovery sought by Plaintiffs is
18 not reasonably accessible, Plaintiffs submit that it is Walmart's burden to meet and
19 confer with Plaintiffs' counsel and, if needed, prevail on a motion for a protective
20 order and/or in opposing Plaintiffs' motion to compel.
21 **VII.   DISCOVERY**
22     **A.   Scope of Discovery**
23     Plaintiff contends that discovery should not be phased, nor limited to class
24 certification.  Here, the merits undisputedly overlap with class certification, in that
25 the sick pay regular rate claim requires discovery on the method of calculation of
26 sick pay wages and whether this method is potentially unlawful.  Thus, Plaintiffs'
27 counsel will have to obtain policies and deposition testimony as to the calculation.
28 Further, Defendants raised the calculation method in their Notice of Removal and in

3
JOINT RULE 26(F) DISCOVERY PLAN     Case No. 3:20-cv-02412-BEN-LL

opposition to Plaintiff's Motion for Remand.  As such, discovery should not be bifurcated.

Defendants contend that discovery should be conducted in phases. The first phase would concern discovery reasonably related to the information necessary to support Plaintiffs' Motion for Class Certification (e.g., obtaining policies or deposition testimony about the calculation of paid sick leave). Only after a ruling on class certification would discovery on the merits of Plaintiff's claims or class-wide discovery (e.g., class time and pay data or class contact information) be permitted, if circumstances warrant.

### B. Discovery taken to date

Plaintiffs served Requests for Production of Documents on Defendants on February 17, 2021.  Defendants have not yet served written discovery.

### C. Proposed limitations or modifications of discovery rules

The Parties do not currently contemplate limitations or modifications to discovery rules.

### D. Identified discovery disputes

There are currently no discovery disputes.

## VIII. RELATED CASES

Walmart is aware of the following related cases:

### A. Southern District of California

- *Julio Garcia v. Wal-Mart Associates, Inc.; Wal-Mart Stores, Inc., and DOES 1 through 50*, Case No. 3:18-cv-00500-L-MDD

### B. Eastern District of California

- *Martha Castro v. Walmart Inc.*, Case No. 2:20-CV-00928-JAM-KJN
- *Sousa v. Walmart, Inc., et al.*, 1:20-cv-00500-DAD-EPG

### C. Central District of California

- *Jessica Hernandez v. Wal-Mart Associates, Inc.; Wal-Mart Stores, Inc., and DOES 1 through 50*, Case No. 3 5:21-CV-00166-FLA-KK

- *Carlos v. Wal-Mart Associates, Inc.,* Case No. 5:21-cv-00294-AB-KK

## IX. SCHEDULING

- Discovery Cut-Off:                          May 13, 2022
- Expert Witness Exchange Deadline:
    - Initial:                                April 12, 2022
    - Rebuttal:                               May 13, 2022
    - Cut-Off:                                June 14, 2022
- Dispositive Motions:                        August 2, 2022
- Final Pre-Trial Conference:                 January 9, 2023
- Trial:                                      February 13, 2023

## X. PROFESSIONAL CONDUCT

Attorneys of record have reviewed Civil Local Rule 83.4.

DATED: March 29, 2021                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Paloma P. Peracchio
    Paloma P. Peracchio
    Mitchell A. Wrosch

Attorneys for Defendants
WALMART INC.; WAL-MART ASSOCIATES, INC. and WAL-MART STORES, INC.

DATED: March 29, 2021                HYUN LEGAL, APC


By: /s/ Dennis S. Hyun
    Dennis S. Hyun

Attorneys for Plaintiffs
Dearl Powell; Christina Gast and Elijha Gonzalez

46550266.1