UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEARL POWELL, CHRISTINA GAST, ELIJHA GONZALEZ, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., et al.,<br><br>Defendants. | Case No.: 20cv2412-BEN-LL<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>[ECF No. 29] |

On April 23, 2021, the parties filed a Stipulated Protective Order governing the disclosure of confidential information in this action. ECF No. 29. The Court construes the filing as a Joint Motion for entry of the Stipulated Protective Order. See CivLR 7.2. The Court has considered the Stipulated Protective Order and, for good cause shown, the Joint Motion is **GRANTED** with the following modifications:

1.   Paragraph 12 shall read as follows:

Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document shall be

filed under seal, and the Court shall not be required to take any action, without separate prior order by the judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civil Local Rule 79.2, Section 2.j of the Electronic Case Filing Administrative Policies and Procedures, and the relevant Chambers Rules, with respect to filing documents under seal. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or otherwise subject to protection under the law. The request must be narrowly tailored to seek sealing only of sensitive personal or confidential information. An unredacted version of the document, identifying the portions subject to the motion to seal, must be lodged with the motion to seal. A redacted version of the document must be publicly filed simultaneously with the motion or ex parte application to file under seal.

2.     Paragraph 13 shall read as follows:

At any stage of these proceedings, any party may object to a designation of the materials as confidential information.  The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  The motion must be timely according to the Chambers Rules of the applicable judge and in conformance with any requirements set forth in the Local Rules and the relevant Chambers Rules. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

**IT IS SO ORDERED.**

Dated:  April 26, 2021

_____
Honorable Linda Lopez
United States Magistrate Judge